IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-80348-TLS |
| | ) | |
| HEARTHSTONE HOMES, INC., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on August 22, 2012, on an amended application for fees and expenses filed by Gross & Welch, P.C., L.L.O., attorneys for the Committee of Unsecured Creditors (Fil. #381), with objections by the United States Trustee (Fil. #413), the Chapter 11 trustee (Fil. #422), and Wells Fargo Bank, N.A. (Fil. #423). Anna M. Bednar and Robert F. Craig appeared for Debtor; Robert J. Bothe and Robert P. Diederich appeared for C. Randel Lewis, Chapter 11 trustee; Jerry L. Jensen appeared on behalf of the United States Trustee; Patricia Fahey appeared as the United States Trustee; Frederick Stehlik and Adam Wachal appeared for the Committee of Unsecured Creditors; David Skalka and Robert Gonderinger appeared for Wells Fargo Bank, N.A.; and Brian Doyle appeared for certain Sanitary Improvement Districts. Evidence was received and the matter was taken under advisement.

*Background*

On February 24, 2012, Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code. On March 5, 2012, the United States Trustee appointed the Committee of Unsecured Creditors (Fil. #42) and, on March 19, 2012, an order was entered approving the appointment of Gross & Welch as counsel for the Committee of Unsecured Creditors (Fil. #89).

On March 9, 2012, Wells Fargo Bank filed a motion to appoint a Chapter 11 trustee (Fil. #58). The basis for the motion was that Debtor had no unencumbered assets, no cash, and no present source of income. On March 13, 2012, an order was entered granting the motion to appoint a Chapter 11 trustee (Fil. #70). Subsequently, the United States Trustee, through consultation with creditors, selected C. Randel Lewis to be the Chapter 11 trustee, which was approved by this court on March 21, 2012 (Fil. #99).

At the time the trustee was appointed, it was clear to all parties involved that the total dollar amount of liens claimed by Debtor's secured creditors far exceeded the potential value of Debtor's real and personal property, and that the only source for payment of administrative expenses of the estate and unsecured creditors would be from avoidance and recovery actions under the Bankruptcy Code. For that reason, the court made clear that the trustee should seek to surcharge the collateral of the secured creditors for the fees and expenses of the trustee incurred to the extent of any benefit to the secured creditors.

Notwithstanding the uncertainty of unencumbered estate funds being available for payment of administrative and unsecured claims, the applicant accepted representation of the Committee and

has now filed this application for compensation in the amount of $85,681.50 for fees and $1,602.95 for expenses. The Chapter 11 trustee, the United States Trustee, and Wells Fargo Bank have all filed rigorous objections to the Committee's fees.

*Discussion*

The United States Trustee appointed the Committee under § 1102 of the Bankruptcy Code. The Committee retained the applicant as its attorneys as authorized by § 1103. Section 330 of the Bankruptcy Code provides that the court may award "reasonable compensation for actual, necessary services rendered by" a professional person employed under § 327 or 1103.

In determining the amount of reasonable compensation to a professional, § 330(a)(3) provides that the court should consider the nature, extent, and the value of such services, taking into account all relevant factors including:

> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Finally, § 330(a)(4)(A) directs that the court shall not allow compensation for unnecessary duplication of services or for services that were not reasonably likely to benefit the debtor's estate or necessary to the administration of the case.

This case is somewhat unusual in that nearly all of the fees requested by counsel for the Creditors Committee were for services performed *after* the appointment of the Chapter 11 trustee. In *In re Agriprocessors, Inc.*, 2009 WL 4823808 (Bankr. N.D. Iowa Dec. 8, 2009), Judge Kilburg of the Northern District of Iowa succinctly described reasonable and necessary compensation for creditor committee counsel as follows:

> In addition, this Court reviewed the award of compensation for attorneys for the unsecured creditors committee in *In re Nat'l Cattle Congress Inc.*, No. 93-61986 (Bankr. N.D. Iowa Mar.26, 1996). The following statements in that case remain applicable today:

> Legal services rendered on behalf of a committee are necessary if they are rendered in furtherance of the committee's duties under § 1103(c) . . . [T]he three basic functions of a committee are 1) to monitor the debtor's operations, 2) to investigate potential insider causes of action, and 3) to negotiate on the plan of reorganization. *In re Cumberland Farms, Inc.*, 154 B.R. 9, 12 (Bankr. D. Mass. 1993). These functions are intimately tied to promoting the economic interests of the committee members. *In re Pettibone Corp.*, 74 B.R. 293, 309 (Bankr. N.D. Ill. 1987).
>
> . . .
>
> Although committee functions are fairly broad and important, committees do not act in the capacity of "Grand Overseer" over every Chapter 11 case. *In re Strayer Seed Farms, Inc.*, No. 95-62081KW, slip op. at 3 (Bankr. N.D. Iowa Jan. 9, 1996); *Pettibone*, 74 B.R. at 309. Counsel must limit the issues deemed necessary to investigate and not become overly involved in the case. *Cumberland Farms*, 154 B.R. at 12. A committee's attorney must use reasonable billing judgment and consider if the costs of services would be disproportionately large in relation to the size of the estate or likelihood of success. *Unsecured Creditors Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955, 959 (9th Cir.1991). The value of the services must be viewed with the benefit of hindsight and must be reasonable in light of the outcome. *In re Wang Labs., Inc.*, 149 B.R. 1, 4 (Bankr. D. Mass. 1992).

*3 *Nat'l Cattle Congress*, slip op. at 3-4.

Once a Chapter 11 trustee is appointed, the role of the Creditors Committee should be reduced since the trustee has a statutory fiduciary duty to the same unsecured creditors represented by the Committee. *See In re Pacific Ave., LLC*, 467 B.R. 868-870 (Bankr. W.D.N.C. 2012). Accordingly, the Committee should limit its involvement and avoid unnecessary duplication of the trustee's efforts.

The parties are in agreement that the services of attorneys for committees are considered "necessary" if they are incurred in furtherance of the committee's statutory duties under the Code. However, the objecting parties seem to believe that little or none of the fees incurred by the applicant should be approved. The objections do not dispute the reasonableness of the rates charged or validity of the time spent. Instead, the objections pertain to whether the applicant's efforts were reasonable and necessary, or an unnecessary duplication of the trustee's efforts. The objections take the position that it was quite clear early on that the unsecured creditors would not realize any recovery from the over-encumbered real and personal property of the estate, so the role of the committee with regard to estate assets, financing, etc. should have been quite limited. Instead, the objections assert that the Committee and the applicant should have focused only on the recovery of assets that might benefit unsecured creditors.

The applicant did file a brief in support of the fee application, but it failed to address the specifics of the objections. Instead, the applicant seems to be relying upon the premise that the role

of the Committee is extremely broad and that the services were generally provided in furtherance of the Committee's statutory functions. While I generally agree that the applicant failed to "limit the issues deemed necessary to investigate and not become overly involved in the case," I do believe that many of the services of the applicant are compensable. Accordingly, each project category set forth in the application will be discussed below:

| CATEGORY | FEES SOUGHT | FEES AWARDED |
|---|---|---|
| 1. <u>Asset Disposition</u>. Certainly, it is the duty of the Chapter 11 trustee to dispose of the assets, but the Creditors Committee needed to stay informed as to what was happening with regard to asset disposition in order to keep the Committee members up-to-date. In addition, the committee initially hoped for a sale of the debtor as a going concern, which might have provided some benefit to unsecured creditors. However, it quickly became clear that such a prospect was unrealistic. Further, the constituency of the Committee is somewhat unique in that many of the "unsecured" creditors actually hold construction lien claims. Presumably, the construction lien claims are unsecured claims due to the lack of value above and beyond senior liens, but there has been no such priority determination or request for a priority determination as of this date. Accordingly, it was important for the Committee to be fully informed regarding asset disposition in order to determine which creditors belong in the class of unsecured creditors. The trustee and Wells Fargo Bank maintain that the Committee's involvement and efforts actually hampered the trustee's efforts to appropriately dispose of the estate assets. It is impossible for this court to now parse the fee application and determine line-by-line which entries were appropriate and which were not. Instead, this court takes a broad view of the application and makes equitable reductions where appropriate. Upon such review, considering the totality of the circumstances, it seems clear that the committee became far too involved in asset disposition, which was being handled by the trustee. Therefore, I find that the applicant's fee in this category should be reduced to $15,000.00. | $27,999.00 | $15,000.00 |
| 2. <u>Business Operations</u>. Debtor had few post-petition business operations and the fees expended are modest. I find the fees for this category to be reasonable and necessary in the amount requested. | $1,104.00 | $1,104.00 |

| | | |
|---|---|---|
| 3. <u>Case Administration</u>.  Most of the fees in this category were incurred in connection with the appointment of the Chapter 11 trustee and efforts by the trustee to disband the Creditors Committee.  After review, I find the fees for this category to be reasonable and necessary in the amount requested. | $9,303.50 | $9,303.50 |
| 4. <u>Claims Administration and Objections</u>.  Certainly, the committee needs to be involved in the claims administration process.  I find the fees for this category to be reasonable and necessary in the amount requested. | $4,348.50 | $4,348.50 |
| 5. <u>Fee/Employment Applications</u>.  Other than the preparation and filing of its own application, it is difficult to assess the benefit to unsecured creditors of applicant's efforts in this category.  Granted, the applicant needed to review the matters which came across its desktop, but it did not need to be nearly as involved as it was in the hiring of professionals by the trustee.  After careful review, I find the reasonable and necessary fees for this category to be $2,000.00. | $4,642.50 | $2,000.00 |
| 6. <u>Fee/Employment Objections</u>.  Again, it appears that the Committee overstepped its bounds in objecting to the trustee's efforts to retain professionals.  There was little benefit to unsecured creditors in applicant's efforts.  However, there was a need to review the matters in order to keep up-to-date, so the amount of $2,500.00 is an appropriate award for reasonable and necessary services in this category. | $7,087.50 | $2,500.00 |
| 7. <u>Financing</u>.  This category seems to encompass the committees efforts related to the trustee's motion to obtain financing and the review of secured claims against assets.  Certainly, it was appropriate for the applicant to be involved in the trustee's financing motion since the proposal was to secure the financing with potential avoidance action recoveries.  Further, it would benefit unsecured creditors if any liens could be avoided thereby freeing up unencumbered assets as a source of recovery for unsecured creditors.  However, it is impossible to ascertain exactly how much time, if any,  was spent reviewing the validity of the various security interests claimed.  Indeed, it seems that applicant was much more involved in the merits of the efforts by the trustee rather than investigating sources of recovery for unsecured creditors.  Considering the totality of the circumstances, I find that the fee in this category should be reduced to $12,000.00. | $24,404.50 | $12,000.00 |

| | | |
|---|---:|---:|
| 8. <u>Meetings of Creditors</u>.  I find the fees in this category to be reasonable and appropriate. | $4,560.00 | $4,560.00 |
| 9. <u>Relief from Stay Proceedings</u>.  I find the fees in this category to be reasonable and appropriate. | <u>$2,232.00</u> | <u>$2,232.00</u> |
| TOTAL | $85,681.50 | $53,048.00 |

Disputes over fee applications are not pleasant for any of the parties involved – the applicant, the objecting parties, and the judge.  The applicant ends up spending substantial time in an effort to support the necessity and reasonableness of the time it has already incurred.  The objecting parties have to expend considerable effort to show that the applicant's charges were not necessary or reasonable.  The judge, of course, is left with the task of determining what was reasonable and necessary, even though there is no dispute that the applicant actually performed the work.  It is my sincere hope that the Committee and its counsel will hereafter proceed with recognition of its limited role in light of the role of the trustee.  In particular, the Committee's focus should be on assisting the trustee with the recovery of assets for the benefit of the bankruptcy estate.

IT IS, THEREFORE, ORDERED that the amended application for fees and expenses filed by Gross & Welch, P.C., L.L.O., attorneys for the Committee of Unsecured Creditors (Fil. #381), is approved in the reduced amount of $53,048.00, plus expenses in the amount of $1,602.95, for a total of $54,650.95.

DATE:  September 12, 2012.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  Anna M. Bednar/Robert F. Craig
  Robert J. Bothe/Robert P. Diederich
  *Frederick Stehlik/Adam Wachal
  David Skalka/Robert Gonderinger
  Brian Doyle
  Jerry L. Jensen/United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.